GRAFFAGNINI v. SHNAIDER

(December 12, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Evidence—Par. 240.**
   Where plaintiff sues on a verbal contract, alleging that defendant had agreed to buy the property occupied by him as a tenant and authorized him to have certain repairs made for the cost of which he sues, an objection to parol proof of his alleged agreement with defendant upon the ground that it would tend to contradict a written agreement between plaintiff and a third person, his landlord, was improperly maintained. The parol evidence rule only applies to writings between the parties.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by Jacob J. Graffagnini against Adolph Shnaider.

There was judgment for defendant and plaintiff appealed.

Case remanded to admit excluded testimony.

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

H. W. Kaiser, Fred A. Wulff, Jr., of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff alleges that he is a tenant of the premises No. 2500 Iberville street, and that he made a verbal contract with the defendant, Schnaider, who had agreed to buy the property whereby he caused certain repairs to be made to the property at an expense of $1516.04 which Schnaider agreed to pay him.

He prays for judgment for the sum named.

On the trial of the case, after plaintiff had testified to the verbal agreement sued on, an objection was made by counsel and maintained by the court to further evidence tending to establish a verbal agreement, because it would tend to contradict a written document—a lease. As counsel puts it:

"I. object to that. The lease speaks for itself. No,w if Your Honor please at this time I want to interpose this objection; I object to any and all testimony that has gone before with reference to those repairs. The reason I didn't object to it before, I wanted to see how far these gentlemen would go, but I object to any and all testimony with reference to repairs, because it would go in contravention of a written document, and any verbal testimony is wholly immaterial and irrelevant. The written document is the lease by and between the parties hereto and made a part of this objection."

Counsel is in error in referring to the lease as being "by and between the parties hereto". The lease was between plaintiff as lessee and one F. O. Kroll as lessor, a fact which was subsequently recognized, but it is insisted that the objection was nevertheless proper. Kroll is not a party to the suit and was the owner of the property from whom the defendant expected to acquire it under his agreement of sale.

This ruling was clearly erroneous. The parol evidence rule, here invoked, applies only to writings between the parties.

The case must be remanded to admit the excluded testimony and it is so ordered.